UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HOLLY J. GREENLAND,<br><br>          Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>          Defendant. | )<br>) No. CV-10-359-JPH<br>)<br>) ORDER GRANTING DEFENDANT'S<br>) MOTION FOR SUMMARY JUDGMENT<br>)<br>)<br>)<br>)<br>)<br>) |

     BEFORE THE COURT are cross-motions for summary judgment noted
for hearing without oral argument on February 3, 2012 (ECF Nos.
24, 29). Attorney Maureen J. Rosette represents Plaintiff; Special
Assistant United States Attorney Brett E. Eckelberg represents the
Commissioner of Social Security (Defendant). The parties have
consented to proceed before a magistrate judge (ECF No. 7). On
January 23, 2012, Plaintiff filed a reply (ECF No. 31). After
reviewing the administrative record and the briefs filed by the
parties, the court **GRANTS** Defendant's motion for summary judgment
(ECF No. 29).

## JURISDICTION

     Plaintiff protectively applied for supplemental security
income (SSI) and disability insurance benefits (DIB) on May 20,
2006, alleging onset as of May 27, 1997 (SSI - Tr. 138-141; DIB -
Tr. 142-145). The applications were denied initially and on
reconsideration (Tr. 84-87, 90-93). Administrative Law Judge (ALJ)

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 1 -

1  Robert Chester held a continued hearing[1] on June 2, 2009.

2  Plaintiff, represented by counsel, and a vocational expert

3  testified (Tr. 35-70). On July 10, 2009, the ALJ issued an

4  unfavorable decision (Tr. 12-26). On September 17, 2010, the

5  Appeals Council denied review (Tr. 1-4). Therefore, the ALJ's

6  decision became the final decision of the Commissioner, which is

7  appealable to the district court pursuant to 42 U.S.C. § 405(g).

8  Plaintiff filed this action for judicial review on October 15,

9  2010 (ECF Nos. 1,4).

10                          **STATEMENT OF FACTS**

11      Because the facts have been presented in the administrative

12  hearing transcript, the ALJ's decision, and the briefs of the

13  parties, they are only briefly summarized here.

14      Plaintiff was 24 years old at onset and 36 at the June 2009

15  hearing. She earned a GED and completed "four plus" years of

16  college but did not earn a degree (Tr. 41-43). She has worked as a

17  certified nursing assistant (CNA), cashier, home care provider,

18  and babysitter (Tr. 41-43, 55-57, 62). She initially alleged

19  disability due to bipolar disorder, post-traumatic stress disorder

20  (PTSD), and low back pain (Tr. 187).

21      Plaintiff testified she has been disabled since May 27, 1997,

22  due to problems sitting, standing, and lifting. She has asthma,

23  PTSD, and bipolar disorder (Tr. 45-48). She experiences

24  nightmares, sleep and memory problems, fatigue, and hand tremors

25  (Tr. 50-53). She testified she is able to sit 20 to 25 minutes,

26

27      [1]The matter was continued so Plaintiff could obtain counsel
       (Tr. 76).
28

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 2 -

1 stand less than 30 minutes, walk four to five blocks, and lift

2 five pounds (Tr. 51-52).

### SEQUENTIAL EVALUATION PROCESS

4 The Social Security Act (the Act) defines disability as the

5 "inability to engage in any substantial gainful activity by reason

6 of any medically determinable physical or mental impairment which

7 can be expected to result in death or which has lasted or can be

8 expected to last for a continuous period of not less than twelve

9 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also

10 provides that a Plaintiff shall be determined to be under a

11 disability only if any impairments are of such severity that a

12 Plaintiff is not only unable to do previous work but cannot,

13 considering Plaintiff's age, education and work experiences,

14 engage in any other substantial gainful work which exists in the

15 national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

16 Thus, the definition of disability consists of both medical and

17 vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156

18 (9th Cir.2001).

19 The Commissioner has established a five-step sequential

20 evaluation process for determining whether a person is disabled.

21 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person

22 is engaged in substantial gainful activities. If so, benefits are

23 denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not,

24 the decision maker proceeds to step two, which determines whether

25 Plaintiff has a medically severe impairment or combination of

26 impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

27 If Plaintiff does not have a severe impairment or combination

28

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 3 -

1  of impairments, the disability claim is denied. If the impairment

2  is severe, the evaluation proceeds to the third step, which

3  compares Plaintiff's impairment with a number of listed

4  impairments acknowledged by the Commissioner to be so severe as to

5  preclude substantial gainful activity. 20 C.F.R. §§

6  404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P

7  App. 1. If the impairment meets or equals one of the listed

8  impairments, Plaintiff is conclusively presumed to be disabled.

9  If the impairment is not one conclusively presumed to be

10 disabling, the evaluation proceeds to the fourth step, which

11 determines whether the impairment prevents Plaintiff from

12 performing work which was performed in the past. If a Plaintiff is

13 able to perform previous work, that Plaintiff is deemed not

14 disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At

15 this step, Plaintiff's residual functional capacity (RFC)

16 assessment is considered. If Plaintiff cannot perform this work,

17 the fifth and final step in the process determines whether

18 Plaintiff is able to perform other work in the national economy in

19 view of Plaintiff's residual functional capacity, age, education

20 and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v),

21 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

22      The initial burden of proof rests upon Plaintiff to establish

23 a *prima facie* case of entitlement to disability benefits.

24 *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.1971); *Meanel v.*

25 *Apfel*, 172 F.3d 1111, 1113 (9th Cir.1999). The initial burden is

26 met once Plaintiff establishes that a physical or mental

27 impairment prevents the performance of previous work. The burden

28

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 4 -

1 then shifts, at step five, to the Commissioner to show that (1)

2 Plaintiff can perform other substantial gainful activity and (2) a

3 "significant number of jobs exist in the national economy" which

4 Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th

5 Cir.1984).

6                          **STANDARD OF REVIEW**

7      Congress has provided a limited scope of judicial review of a

8 Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold

9 the Commissioner's decision, made through an ALJ, when the

10 determination is not based on legal error and is supported by

11 substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th

12 Cir.1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.1999).

13 "The [Commissioner's] determination that a plaintiff is not

14 disabled will be upheld if the findings of fact are supported by

15 substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th

16 Cir.1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more

17 than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119

18 n. 10 (9th Cir.1975), but less than a preponderance. *McAllister v.*

19 *Sullivan*, 888 F.2d 599, 601-602 (9th Cir.1989); *Desrosiers v.*

20 *Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th

21 Cir.1988). Substantial evidence "means such evidence as a

22 reasonable mind might accept as adequate to support a conclusion."

23 *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations

24 omitted). "[S]uch inferences and conclusions as the [Commissioner]

25 may reasonably draw from the evidence" will also be upheld. *Mark*

26 *v. Celebrezze*, 348 F.2d 289, 293 (9th Cir.1965). On review, the

27 Court considers the record as a whole, not just the evidence

28

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 5 -

1  supporting the decision of the Commissioner. *Weetman v. Sullivan*,

2  877 F.2d 20, 22 (9th Cir.1989)(*quoting Kornock v. Harris*, 648 F.2d

3  525, 526 (9th Cir.1980)).

4      It is the role of the trier of fact, not this Court, to

5  resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If

6  evidence supports more than one rational interpretation, the Court

7  may not substitute its judgment for that of the Commissioner.

8  *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579

9  (9th Cir.1984). Nevertheless, a decision supported by substantial

10 evidence will still be set aside if the proper legal standards

11 were not applied in weighing the evidence and making the decision.

12 *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432,

13 433 (9th Cir.1987). Thus, if there is substantial evidence to

14 support the administrative findings, or if there is conflicting

15 evidence that will support a finding of either disability or

16 nondisability, the finding of the Commissioner is conclusive.

17 *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir.1987).

18                          **ALJ'S FINDINGS**

19     The ALJ found Plaintiff was insured through December 31, 2006

20 (Tr. 12, 14). At step one, he found although Plaintiff worked at

21 times after onset, she did not engage in substantial gainful

22 activity (Tr. 14). At steps two and three, he found she suffers

23 from degenerative disc disease, obesity, situational depression,

24 symptom exaggeration, and borderline personality trait disorder,

25 impairments that are severe but do not meet or medically equal the

26 requirements of the Listings (Tr. 15-16). After finding Plaintiff

27 not fully credible, ALJ Chester assessed an RFC for a range of

28

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                    - 6 -

light work with superficial public contact (Tr. 20). At step four,
relying on the VE, he found a person with Plaintiff's limitations
and background could perform her past relevant work as a cashier
(Tr. 25, 64). Alternatively, at step five, again relying on the
VE, he found she is able to perform other work such as operating a
sewing machine and telemarketing (Tr. 25-26, 66). The ALJ found
Plaintiff not disabled (Tr. 26).

**ISSUES**

Plaintiff alleges the Commissioner erred when he weighed
credibility (ECF No. 25 at 22-24) and the medical evidence. She
alleges she is more limited both physically and psychologically
than the ALJ found.

Specifically, Plaintiff alleges the ALJ should have credited
the opinions of treatment providers (Drs. Schliiter and Bodeau,
and PA Leaf), and examiner Bray, and should not have credited
examiner Goodman's opinion (ECF No. 25 at 14-17).

Plaintiff alleges the ALJ's psychological RFC is flawed. She
asserts the ALJ: (1) should have credited the opinions of
evaluators Hellekson and Severinghaus because they were the only
professionals who evaluated Plaintiff before her insurance
expired; (2) should have credited reviewing psychologist Gentile's
opinion; and (3) gave insufficient reasons for rejecting evaluator
Arnold's opinion (ECF No. 25 at 20-22).

The Commissioner asks the Court to affirm, asserting the
ALJ's evaluation of the evidence, including Plaintiff's
credibility, is free of legal error and supported by substantial
evidence (ECF No. 25 at 20).

///

**DISCUSSION**

**A. Credibility**

The ALJ considered Plaintiff's credibility when he weighed the conflicting medical evidence. Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir.2005).

While it is the province of the ALJ to make credibility determinations, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995), the findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993).

The ALJ found Plaintiff less than credible because she exaggerated her symptoms on several occasions; her testimony is contradicted by the record, including her own past statements; and her activities are inconsistent with the degree of limitation alleged (Tr. 20-21).

Plaintiff exaggerated her symptoms (Tr. 21). In 1998 and
again in March 2000, examining doctors observe "significant
symptom magnification" (Tr. 256). In August 2001, examining doctor
Santosh Kumar, M.D., points out Plaintiff shows "overwhelming
subjective symptom magnification" (Tr. 267-268). Citing *Tonapetyan
v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001), the Commissioner
correctly notes the tendency to exaggerate is a legitimate factor
in determining credibility (ECF No. 30 at 4).

The ALJ points out Plaintiff stated in an undated report she
is a "very good cook." She spends 30-50 minutes, three times a
day, cooking. She uses a chair if it is something "that takes a
while." She spends about four hours a day cooking, cleaning, and
doing laundry, and needs no help. She also drives and shops (Tr.
20, referring to Tr. 165-166). Plaintiff testified, however, that
she is only able to bathe, groom, and dress herself, and her
children perform the household chores (Tr. 49). This reason is
clear, convincing, and supported by the evidence.

Plaintiff's activities are inconsistent with the degree of
physical limitation alleged (Tr. 21). The ALJ notes Plaintiff told
an examining psychologist she is able to "do everything at home,"
including all chores. The only help she needed was with heavy
lifting (Tr. 20, referring to Tr. 433)(September 2006), same (Tr.
491-492, September 2008). In addition, the record shows Plaintiff
worked several summers during the relevant period caring for her
brother's children, an activity also incompatible with the extreme
limitations Plaintiff described in her testimony.

The ALJ's reasons are clear, convincing, and supported by
substantial evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 958-

959 (9th Cir.2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The ALJ's credibility assessment is free of error.

**B. Standards for weighing medical opinion evidence**

In Social Security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir. 1989). However. The treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995). Correspondingly, more weight is given to the opinions of treating and examining physician's opinions than to nonexamining physicians. *Benecke v. Barnhart*, 379

F.3d 587, 592 (9ᵗʰ Cir.2004).  If the treating or examining

physician's opinions are not contradicted, they can be rejected

only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If

contradicted, the ALJ may reject an opinion if he states specific,

legitimate reasons that are supported by substantial evidence. *See*

*Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463

(9ᵗʰ Cir.1995).

**C. Physical limitations**

  *1. Jena Schliiter, M.D., October 2003 and February 2004*

  In 2003, Dr. Schliiter opined Plaintiff's ability to stand

and walk were limited. She does not specify how long Plaintiff

could stand and walk. She opined Plaintiff should lift no more

than ten pounds (ECF No. 25 at 15-17; Tr. 681). By February 2004,

Dr. Schliiter opined Plaintiff was capable of light work (Tr.

285).

  After four exams in 2006, Dr. Schliiter assessed a single

limitation: Plaintiff should lift no more than 20-25 pounds. The

ALJ found Plaintiff could lift 20 pounds occasionally (Tr. 19).

In January, May and June of 2007, Dr. Schliiter opined Plaintiff

could perform "modified work with restrictions," but none are

listed (Tr. 520, 523, 526, 529, ECF No. 30 at 13-15). The ALJ

accepted Dr. Schliiter's opinions which were consistent with the

opinions of other doctors (Kumar, Fenner, Crowley, and

Goodman)(Tr. 22, relying on Tr. 285, 520, 523, 526, 529, 532, 534,

537, 540).

  The ALJ may reject a treating doctor's contradicted opinion

by stating specific, legitimate reasons that are supported by

substantial evidence. *See Flaten*, 44 F.3d at 1463. Moreover, the

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                    - 11 -

1  ALJ may reject any opinion that is brief, conclusory, and

2  inadequately supported by clinical findings. *Bayliss v. Barnhart*,

3  427 F.3d 1211, 1216 (9th Cir.2005). The ALJ properly credited the

4  parts of Dr. Schliiter's opinions supported by the opinions of

5  other treating and examining doctors.

6       *2. Valerie Bodeau, M.D.*

7       Similarly, Plaintiff alleges the ALJ should have accepted

8  treating Dr. Bodeau's November 2004 opinion that Plaintiff could

9  stand and walk two hours a day, and her opinion three months

10 later, in February. At that time Dr. Bodeau opined Plaintiff's

11 standing and walking were limited, in an unspecified way, and her

12 lifting was limited to ten pounds (Tr. 651, 657). The Commissioner

13 answers that the ALJ rejected these contradicted limitations for

14 the specific, legitimate reason that they conflicted with the

15 opinions of other treating and examining doctors (ECF No. 30 at

16 14-15).

17      The Commissioner is correct. The ALJ's reasons are

18 appropriate and supported by substantial evidence. Examining Drs.

19 Crowley and Fenner, in March 2000,[2] found Plaintiff could perform

20 four light and two medium-exertion jobs (Tr. 256, 258-263). In

21 August 2001, examining Dr. Kumar assessed an RFC for light to

22 medium work (Tr. 268). Dr. Fenner, January 2003: RFC to work light

23 to medium duty jobs (Tr. 276); treating Dr. Schliiter, January

24 2004: RFC to perform light work (Tr. 285); and examining Dr.

25 Goodman, October 2008: RFC to perform light work (Tr. 503).

26

27      [2]The Commissioner misstates the date as March 2002 (ECF No.
   30 at 6, citing Tr. 252, 256, at 8, citing Tr. 256, 258-263, at
28 11, citing Tr. 240-263, and at 15).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                          - 12 -

*3. Examiners Robert Bray, M.D., and Steven Goodman, M.D.*

Plaintiff alleges the ALJ failed to credit Dr. Bray's 2006 opinion, and should not have credited Dr. Goodman's because it was given two years after Plaintiff's last insured date (ECF No. 25 at 15-16). The Commissioner responds, correctly, that Dr. Goodman's assessed RFC for light work is consistent with the bulk of the other medical opinions during the relevant period (ECF No. 30 at 12-13).

On October 14, 2006, Dr. Bray opined Plaintiff could walk or stand two hours out of eight, in part due to expected soreness following recent right foot surgery (Tr. 457-458). Clearly Dr. Bray's assessment is of less value because it was rendered shortly after surgery. The ALJ properly weighed these opinions.

*4. Stephen Leaf, PA*

Plaintiff alleges the ALJ should have considered and discussed treatment provider Mr. Leaf's opinion in June of 2005 that she is "markedly disabled," as well as his June 2006 RFC for sedentary work (ECF No. 25 at 14-17; Tr. 289-292, 355-358). According to the Commissioner, any error by the ALJ in failing to discuss these opinions is harmless because Mr. Leaf's opinion is contradicted by numerous other professionals (see above), and he is not an acceptable medical source (ECF No. 30 at 15-18).

The Commissioner is correct that Mr. Leaf is not an acceptable source. See 20 C.F.R. §§ 404.1513, 404.1527, 416.913, 416.927. In addition, even if the ALJ erred by failing to discuss Mr. Leaf's opinion, it is clearly harmless since the opinion is refuted by the bulk of the evidence from acceptable sources.

///

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                    - 13 -

**D. Psychological limitations**

Plaintiff alleges the ALJ erred when he weighed the opinions of several doctors and psychologists (ECF No. 30 at 17-22). First, she alleges the ALJ should have credited the opinions of the only professionals who examined her before her insurance expired: Drs. Hellekson in June 2005 (Tr. 279-282) and Severinghaus in September 2006 (Tr. 431-435). In the same vein, she alleges the ALJ should not have relied on examiner Toews' opinion given 21 months after her insurance expired. Incongruently, Plaintiff alleges the ALJ gave insufficient reasons for rejecting examiner Arnold's 2009 opinion, although Dr. Arnold also gave his opinion several years after Plaintiff's last insured date (Tr. 867-875). Finally, she alleges the ALJ failed to "provide any reasoning as to why he basically ignored" reviewing psychologist Gentile's September 2006 opinion (ECF No. 25 at 22-24; Tr. 436-452, 867-875).

*1. Carla Hellekson, M.D.*

Dr. Hellekson examined Plaintiff for the Department of Social and Health Services in June 2005. She assessed severe and marked limitations, and opined Plaintiff should not return to work at that time. She did not expect substantial improvement in the near future. Significantly, Dr. Hellekson observed medications were not currently stabilized (Tr. 280-282).

The ALJ gave this opinion little weight because there is no indication Dr. Hellekson tested Plaintiff, whereas both Drs. Severinghaus and Toews performed several tests (Tr. 24). Second, the ALJ notes that if Dr. Hellekson treated Plaintiff, there are no medical records supporting her opinion. Both are specific, legitimate reasons supported by substantial evidence for the ALJ's

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                    - 14 -

rejection of Dr. Hellekson's contradicted opinion. *See Bayliss v.*
*Barnhart*, 427 F.3d 1211, 1216 (9th Cir.2005)(ALJ may properly
reject any medical opinion that is brief, conclusory, and
inadequately supported by clinical findings).

2. *John Severinghaus, Ph.D., September 15, 2006*

Dr. Severinghaus assessed a GAF of 47-52 indicating moderate
to serious symptoms or functional impairments (Tr. 434). The ALJ
states:

> Dr. Severinghaus found the claimant to exhibit mild mental
> glitches and errors that were evident with regard to her
> cognitive mental status and that she was currently under
> significant situational stress with her children being
> placed by CPS. Dr. Severinghaus opined that the claimant's
> memory functioning, problem-solving and abstract thinking
> to be mildly to moderately affected at times by stress,
> but that she was not seriously or extremely impaired.
> Dr. Severinghaus also opined that the claimant's
> interpersonal functioning was moderately impaired
> currently by the stress she was experiencing and
> tearfulness, but that her pace and persistence at
> home doing chores was not significantly impaired
> and that she was able to manage funds.

(Tr. 23, Tr. 431-435).

The ALJ accurately summarized Dr. Severinghaus's findings.
Because Dr. Severinghaus points out he assessed Plaintiff at a
time she was undergoing a great deal of stress, and he did not
believe even then she would be more than moderately affected, the
ALJ was not required to find moderate functional impairments
represent Plaintiff's normal functioning. In addition, the opinion
does not indicate moderately to seriously impaired functioning for
the required twelve month duration.

3. *John Arnold, Ph.D., May 2009*

Dr. Arnold evaluated Plaintiff in 2009 at her attorney's
request (Tr. 867-875). He opined MMPI-2 results were invalid due

to an elevated score indicating over-reporting of symptoms. Dr. Arnold felt this suggested a plea for help rather than a clear indication of malingering. Nonetheless, he stated his opinion "would probably be best viewed with some degree of caution" (Tr. 869). The ALJ heeded the warning and gave the contradicted opinion little weight. This was appropriate.

4. *Mary Gentile, Ph.D., September 20, 2006*

Plaintiff suggests the ALJ "basically ignored" Dr. Gentile's opinion (ECF No. 25 at 21; Tr. 436-452). As the Commissioner correctly points out, the ALJ limited Plaintiff to superficial public contact, thereby incorporating Dr. Gentile's opinion Plaintiff's social interaction is moderately limited (ECF No. 30 at 19-20).

With respect to Dr. Gentile's contradicted limitations in attention and concentration, the ALJ properly credited the 2008 opinion of examining psychologist Jay Toews, Ed.D., and of Plaintiff, rather than the agency reviewing psychologist. Dr. Toews opined both attention and concentration are intact (Tr. 493). The Commissioner observes Plaintiff has reported she can pay attention as "long as you want if on my meds." (ECF No. 30 at 20; Tr. 168). In addition, Dr. Toews assessed mild to moderate situational depression and probable symptom exaggeration, the latter consistent with most of the evidence. He assessed a probable GAF of 65, indicating mild symptoms or mild difficulty functioning (Tr. 493-494).

The ALJ properly considered the evidence of psychological limitation.

The ALJ is responsible for reviewing the evidence and

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 16 -

resolving conflicts or ambiguities in testimony. *Magallanes*, 881 F.2d at 751 (9th Cir.1989). Here, the ALJ provided clear and convincing reasons for finding Plaintiff's allegations not fully credible. His assessment of the medical and other evidence is supported by the record and free of harmful error.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(ECF No. 29)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(ECF No. 24)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for the parties, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 16th day of February, 2012.


                              s/ James P. Hutton

                                 JAMES P. HUTTON
                            UNITED STATES MAGISTRATE JUDGE